# Gang Land News

Real Stuff about Organized Crime
http:/www.ganglandnews.com
capeci@ganglandnews.com

JERRY CAPECI
webmaster

January 14, 2022

Honorable Diane Gujarati
U. S. District Court Judge, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

Re: US v. Russo, 21CR466(DG)

Dear Judge Gujarati:

I respectfully submit this letter for the purpose of intervening in the above referenced case in order to assert the public's rights under the common law and First Amendment to have access to a sealed document in the criminal case against Andrew Russo. Upon information and belief, the document, filed on January 12 by attorney Jeffrey Lichtman pertains to the publicly filed request by the government to conduct a "competency hearing" for his client, defendant Andrew Russo.

Specifically, I petition the Court to treat this application as a claim asserted by an interested party seeking the release of document #194, according to the docket sheet, which is sealed, according to efforts by the undersigned news reporter to obtain a copy through ECF.

I ask that the Court treat this letter as a *pro se* motion and list it as such on the court docket sheet.

This petition is made pursuant to the tenets of the common law and the First Amendment of the Constitution, and all the relevant statutes and judicial precedents that ensure the public's right of

# Gang Land News
Real Stuff about Organized Crime
http:/www.ganglandnews.com
capeci@ganglandnews.com

JERRY CAPECI
webmaster

access to all judicial documents in criminal prosecutions in the United States of America.[1] In this regard, several courts, including the Second Circuit, have recognized that a third-party motion to intervene is a procedurally proper device for the purpose of protecting the public right of access to documents filed in a criminal proceeding. *See, e.g., United States v. King*, 140 F.3d 76, 77 (2d Cir. 1998); *United States v. Haller*, 837 F.2d 84, 85 (2d Cir. 1988); *Herald, 734 F.2d at 96. In re Application of Herald Co.*, 734 F.2d 93, 96 (2d Cir. 1984).

Since the 1970s, I have covered federal court proceedings as a staff reporter for the New York Post and New York Daily News, as a freelance writer, and also as an author of several non-fiction books about crime. Since 1996, I have published a weekly online column about organized crime at www.ganglandnews.com.

The Russo case is newsworthy, and I plan to continue writing[2] about this case until it is resolved.

It is well established that except in the most extraordinary cases, namely those that involve national security or safety of witnesses or other individuals, the public and the press have common law and First Amendment rights to all judicial documents in a criminal case.

Accordingly, I ask that you unseal the requested document, with appropriate but limited redactions that may be necessary, which, as I stated above, upon information and belief, concerns the assertion by the government and the defendant that they would be indicating the name of the "evaluator" who would examine Russo if they have agreed on one, or the name of the evaluator of each party if they have not agreed on one.

---

[1] In addition to the common law right of access, courts have also found the First Amendment to the United States Constitution to presume a right of the public to inspect and copy judicial records and documents. *See Nixon v. Warner*, 435 U.S. 589, 597 (1978); Va. Dep't of State Police v. *Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Notably, the First Amendment's guarantee of that right is much stronger than the guarantee provided by the common law. *Wash. Post*, 386 F.3d at 575; *see also Press-Enter. Co. v. Super. Ct. of Cal. for the County of Riverside*, 478 U.S. 1, 15 (1986); *Stone*, 855 F.2d at 180.

[2] Notably, the motives of the press and public for seeking access to such records is not relevant or dispositive to whether access should be granted, because the party seeking closure bears the burden of demonstrating that the documents submitted to the court should be sealed. *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 820 (2d Cir. 1997); *United States v. Amodeo*, 71 F.3d 1044 (The motive for seeking access is irrelevant when defining the weight accorded the presumption of access).

# Gang Land News

Real Stuff about Organized Crime
http:/www.ganglandnews.com
capeci@ganglandnews.com

**JERRY CAPECI**
webmaster

I make this petition under all the provisions of the First Amendment and common law that give the public and the press the right of access to all judicial documents regarding criminal cases in the U.S. courts.

The undersigned petitioner knows of no factual or legal basis for the Government or the defendant to override the public's "presumptive right to inspect and copy public records and documents, including judicial records and documents" in this case. *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 (1st Cir. 1987) (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978)).

Ultimately, the First Amendment "guarantees the press and the public a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed." *Washington Post v. Robinson*, 935 F.2d 282, 287-88 (D.C. Cir. 1991); *See also In re New York Times Co.*, 828 F.2d, 110,114 (2d Cir. 1987) ("where the first amendment provides a right of access, continued, sealing of documents may be justified only with specific, on-the record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.")

Here, the defendant has not disclosed any reason – let alone an extraordinary or compelling interest – that would trump the press and the public's First Amendment right to access the document #194. *See Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510-11 (1984) ("The party seeking closure or sealing must show that such a restriction of the first amendment right of public access is necessitated by a compelling United States interest.")

This right "allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system." *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d at 410. The stated presumption of openness applies to civil as well as criminal judicial records.

For all the above-stated reasons, and for any other legal doctrine or precedent-setting dicta by the U.S. Supreme Court that this Court deems relevant and appropriate, I respectfully petition your Honor to unseal the requested document, on the grounds that its sealing was not "necessitated by a compelling United States interest."

Thank you.

Sincerely,

Jerry Capeci

P.O. Box 863 • Long Beach, New York 11561 • (516) 431-1277