# Gang Land News
*Real Stuff about Organized Crime*

capeci@ganglandnews.com
Jerry Capeci

March 3, 2022

Honorable Diane Gujarati
U. S. District Court Judge, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

### Re: US v. Vincent Ricciardo, 21CR466(DG)

Dear Judge Gujarati:

I respectfully submit this letter for the purpose of intervening in the above referenced case in order to assert the public's rights under the common law and First Amendment to have access to several sealed documents that have been filed in the criminal case against Vincent Ricciardo.

Upon information and belief, the documents include the filings by attorney Elizabeth Macedonio on February 23, February 25, February 28, and March 3, 2022, that pertain to the efforts by the defendant to be released on bail while he awaits trial.

Specifically, I petition the Court to treat this application as a claim asserted by an interested party seeking the release of documents regarding an important aspect of a criminal case on behalf of the public, namely whether a defendant judged to be a danger to the community should be released on bail to await trial. I ask that the Court treat this letter as a *pro se* motion, list it as such on the court docket sheet, and declare that I am an interested party in the case.

This petition is made pursuant to the tenets of the common law and the First Amendment of the Constitution, and all the relevant statutes and judicial precedents that ensure the public's right of access to all judicial documents in criminal prosecutions in the United States of America.[1] In

---

[1] In addition to the common law right of access, courts have also found the First Amendment to the United States Constitution to presume a right of the public to inspect and copy judicial records and documents. *See Nixon v. Warner*, 435 U.S. 589, 597 (1978); Va. Dep't of State Police v. *Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Notably, the First Amendment's guarantee of that right is much stronger than the guarantee provided by the common law. *Wash. Post*, 386 F.3d at 575; *see also Press-Enter. Co. v. Super. Ct. of Cal. for the County of Riverside*, 478 U.S. 1, 15 (1986); *Stone*, 855 F.2d at 180.

P.O Box 863 • Long Beach, NY 11561 • (516) 431-1277
www.ganglandnews.com

# Gang Land News
### *Real Stuff about Organized Crime*

capeci@ganglandnews.com
Jerry Capeci

this regard, several courts, including the Second Circuit, have recognized that a third-party motion to intervene is a procedurally proper device for the purpose of protecting the public right of access to documents filed in a criminal proceeding. *See, e.g., United States v. King,* 140 F.3d 76, 77 (2d Cir. 1998); *United States v. Haller,* 837 F.2d 84, 85 (2d Cir. 1988); *Herald, 734 F.2d at 96. In re Application of Herald Co.,* 734 F.2d 93, 96 (2d Cir. 1984).

Since the 1970s, I have covered federal court proceedings as a staff reporter for the New York Post and New York Daily News, as a freelance writer, and also as an author of several non-fiction books about crime. Since 1996, I have published a weekly online column about organized crime at www.ganglandnews.com.

The case against Ricciardo, and 13 codefendants, is newsworthy, and I plan to continue writing[2] about this case until it is resolved.

It is well established that except in the most extraordinary cases, namely those that involve national security or safety of witnesses or other individuals, the public and the press have common law and First Amendment rights to all judicial documents in a criminal case.

Accordingly, I ask that you unseal the requested documents, with appropriate but limited redactions that may be necessary, which, as I stated above, upon information and belief, concerns reasons why the defendant believes he is entitled to be released on bail.

The undersigned petitioner knows of no factual or legal basis for the defendant to override the public's "presumptive right to inspect and copy public records and documents, including judicial records and documents" in this case. *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 (1st Cir. 1987) (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978)).

Ultimately, the First Amendment "guarantees the press and the public a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed." *Washington Post v. Robinson*, 935 F.2d 282, 287-88 (D.C. Cir. 1991); *See also In re New York Times Co.*, 828 F.2d, 110, 114 (2d Cir. 1987) ("where the first amendment provides a right of access, continued, sealing of documents may be justified only with specific,

---

[2] Notably, the motives of the press and public for seeking access to such records is not relevant or dispositive to whether access should be granted, because the party seeking closure bears the burden of demonstrating that the documents submitted to the court should be sealed. *DiRussa v. Dean Witter Reynolds*, Inc., 121 F.3d 818, 820 (2d Cir. 1997); *United States v. Amodeo*, 71 F.3d 1044 (The motive for seeking access is irrelevant when defining the weight accorded the presumption of access).

# Gang Land News
**Real Stuff about Organized Crime**

capeci@ganglandnews.com
Jerry Capeci

on-the record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.")

Here, the defendant has not disclosed any reason – let alone an extraordinary or compelling one – that would trump the press and the public's First Amendment right to access documents #235, 237, 238, 239, 247 and any others relating to his release on bail despite being judged a danger to the community. *See Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510-11 (1984) ("The party seeking closure or sealing must show that such a restriction of the first amendment right of public access is necessitated by a compelling United States interest.")

This right "allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system." *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d at 410. The stated presumption of openness applies to civil as well as criminal judicial records.

Indeed, in response to these sealed documents, the government has publicly responded to the defendant's claims, redacting what it apparently views to be private information pertaining to the defendant's medical issues that are the linchpin of his efforts for bail. At a bare minimum, the defendant should be required to do the same.

For all the above-stated reasons, and for any other legal doctrines or precedent-setting dicta by the U.S. Supreme Court that this Court deems relevant and appropriate, I respectfully petition your Honor to unseal the requested documents, on the grounds that their sealing was not "necessitated by a compelling United States interest."

Thank you.

Sincerely,

Jerry Capeci

cc Elizabeth Macedonio, AUSAs Devon Lash, James McDonald