

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JPM/DEL
F. #2020R00637

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 20, 2022

By ECF

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Alimena, et al.
                   Criminal Docket No. 21-466 (S-1) (DG)

Dear Judge Gujarati:

      The government writes in connection with the order given by the Court during the May 20, 2022 status conference to produce responsive portions of 17 electronic devices by July 20, 2022. As background, law enforcement agents have been reviewing these and other devices. In February 2022, the government produced a forensic extraction of each of the 17 device to their respective owner or users.

      Earlier today, the government produced the presently identified responsive records from 15 of the 17 devices described above.[1] One device from the list of 17 was determined not to have responsive records (1B28). Since the earlier production, the government was able to gain access to an additional device (1B58) on or about May 20, 2020. The presently known responsive records from that device were also produced today.[2] Additionally, during the review of the devices, law enforcement agents identified that two

---

[1] Specifically, the government produced responsive materials from items identified by FBI Evidence Numbers 1B16, 1B30, 1B32, 1B33, 1B35, 1B45-1B50 (6 devices), 1B54-57 (4 devices).

[2] In addition to the previously described electronic devices, the government also provided additional electronic evidence, records of Bureau of Prison calls, and third-party records relevant to the charged offenses.

iPhones (items 1B15 and 1B54) contained communications that appeared to involve an email account for an attorney (not any counsel in this matter). Out of an abundance of caution, the government has put in place a filter review team to review communications extracted from 1B15 and portions of 1B54 (emails). "[T]he use of a filter team protect[s] against any privileged information from being produced to the particular lawyers prosecuting this case . . ." United States v. Blakstad, No. 19 CR. 486 (ER), 2020 WL 5992347, at *8 (S.D.N.Y. Oct. 9, 2020). The purpose of the filter review is to determine if any communications on either of the devices identified as 1B15 or 1B54 are privileged and to screen such materials so that the attorneys and agents involved in the prosecution (i.e., the case team) do not review such materials. The filter team would further handle producing any privileged or withheld materials to defense counsel, among other matters.

The government writes to advise the Court that it will require additional time for the filter team (and then the case team) to review devices 1B15 and 1B54. The government notes there is an additional device seized pursuant to a search warrant (1B26) that the government is attempting to access. The government's continuing review of records is appropriate under Rule 41, which explicitly contemplates an ongoing review of electronic evidence. See Fed. R. Crim. P. 41(e)(2)(B) (absent any limitation in the warrant itself, the government may seize "electronic storage media or . . . electronically stored information" for "a later review of the media or information consistent with the warrant."). While courts have recognized that it may take months or years to conduct searches of electronic devices, due to the sheer size of the storage capacity of media, difficulties created by encryption and booby traps, and the workload of the computer labs,[3] the government has provided to date the vast majority of material that it believes will be pertinent from items seized to date.

---

[3] See United States v Almaleh, No. 17-CR-25 (ER), 2022 WL 602069, at *15-16 (S.D.N.Y. Feb. 28, 2022) (collecting cases); United States v. Nejad, 436 F. Supp. 3d 707, 735 (S.D.N.Y. 2020); see also Fed. R. Crim. P. 41(e)(2)(B).

The government will apprise the Court and the parties of the status of the filter team's review (if it is not completed) at the next scheduled status conference on August 15, 2022.

Respectfully submitted,

BREON PEACE
United States Attorney

By:     /s/
James P. McDonald
Devon Lash
Assistant U.S. Attorneys
(718) 254-7000

cc:     Clerk of Court (DG) (by ECF)
       Defense Counsel (by ECF)